UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MELISSA OWENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:23-CV-383-KAC-JEM |
| | ) | 3:18-CR-158-KAC-JEM-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER DISMISSING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

On July 2, 2019, Petitioner Melissa Owens pled guilty to conspiracy to distribute fifty (50) grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Docs. 174; 175].[1] On November 3, 2022, the Court sentenced her to 151 months' imprisonment [Doc. 654 at 2-3]. Petitioner filed a pro se "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" [Doc. 707; *see also* 3:23-CV-383, Doc. 1], asserting three (3) ineffective assistance of counsel claims under the Sixth Amendment. For the foregoing reasons, the Court denies Petitioner's Motion.

I. **Background**

From February 2017 "and continuing through February, 2018," Petitioner "actively collaborated with co-conspirators" "in the receipt, delivery, and sale of controlled substances" [Doc. 213 ¶ 15, *sealed]. For example, "on March 24, 2017," Petitioner "coordinated the U.S. Mail delivery of a two (2) pound package containing methamphetamine to [a] co-

---

[1]Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, Case Number 3:18-CR-158.

conspirator" [*Id.*]. On July 2, 2019, Petitioner entered a guilty plea pursuant to an Amended Plea Agreement [Docs. 174; 175]. At her Change of Plea hearing, the Court ensured that Petitioner understood the terms of her Amended Plea Agreement [*See* Doc. 714]. Indeed, the Court asked Petitioner whether her lawyer "explained the terms of the [Amended] [P]lea [A]greement" to her [*Id.* at 6]. Petitioner responded "[y]es" [*Id.*]. When the Court asked Petitioner whether she was "satisfied with [her] lawyer's advice and his representation," Petitioner responded "[y]es" [*Id.*]. The Court subsequently accepted Petitioner's guilty plea [*Id.* at 18-19].

On December 1, 2021, the Court appointed Petitioner new counsel at her request [Doc. 437]. Petitioner's new counsel filed objections to Petitioner's Presentence Report, asserting that Petitioner was entitled to a mitigating role adjustment under United States Sentencing Guidelines § 3B1.2 and disputing an ancillary portion of the Presentence Report's factual basis [*See* Doc. 570 at 2 n.2, 4-7, *sealed]. At Petitioner's sentencing hearing, the Court engaged in a substantive colloquy with Petitioner to ensure she understood her rights to appeal and how to file a timely notice of appeal [*See* Doc. 715 at 33-34]. The Court ultimately sentenced Petitioner to 151 months' imprisonment followed by five (5) years of supervised release [Doc. 654 at 2-3]. Petitioner did not appeal. Petitioner, however, then filed the instant Motion, raising three (3) claims of ineffective assistance of counsel in violation of the Sixth Amendment [Doc. 707; *see also* 3:23-CV-383, Doc. 1].

II. **Legal Standard**

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct her judgment of conviction and sentence based on claims that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" or (3) "the sentence was in excess of the maximum authorized by law,

2

or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  To obtain post-conviction relief under Section 2255, Petitioner bears the burden to show: (1) "an error of constitutional magnitude;" (2) "a sentence imposed outside the statutory limits;" or (3) "an error of fact or law that was so fundamental as to render the entire proceeding invalid." *See Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

To obtain collateral relief under Section 2255, generally, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *See Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).  Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* requires a district court to summarily dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 4(b). The Court does so here.

**III.  Analysis**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. The Supreme Court has held that the Sixth Amendment guarantees the "effective assistance" of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To succeed on an ineffective assistance of counsel claim, Petitioner "must establish two things." *See Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).  ***First***, Petitioner must show that her counsel's performance was deficient—that it fell "below prevailing professional norms." *Id.* (citation and

3

quotation marks omitted). Establishing "deficient" performance requires Petitioner to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and reviews counsel's conduct "in light of the information known [to counsel] at the time of the decisions, not in hindsight." *Id.* at 680, 689.

**Second**, Petitioner must demonstrate that counsel's purportedly deficient performance "prejudiced" Petitioner's criminal case. *Id.* at 687. Petitioner must show by a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See, e.g.*, *Mix v. Brown*, No. 21-1623, 2022 WL 11367765, at *3 (6th Cir. April 19, 2022) (citing *Strickland*, 466 U.S. at 688, 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Even professionally unreasonable errors do "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. "[I]neffectiveness claims are often disposed of for lack of sufficient prejudice" because demonstrating "prejudice is not easy." *See Bullard*, 937 F.3d at 661 (citation and quotation marks omitted). Indeed, Petitioner confronts a "high burden in demonstrating that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Here, Petitioner raises three (3) ineffective assistance of counsel claims. **First**, Petitioner asserts that her initial counsel "never bothered to inform [her] before [her] plea of guilty of what the sentence ramifications would be with a guilty plea" [Doc. 707 at 4; *see also* 3:23-CV-383, Doc. 1 at 4]. **Second**, Petitioner argues that her initial counsel and counsel at sentencing were both constitutionally ineffective because they failed "to object to the use of the relevant

4

conduct" [Doc. 707 at 5; *see also* 3:23-CV-383, Doc. 1 at 5]. **Third**, Petitioner claims that her sentencing counsel was constitutionally ineffective because he allegedly did not "consult with [her] about [her] right to appeal or filing a notice of appeal" of her conviction or sentence [Doc. 707 at 6-8; *see also* 3:23-CV-383, Doc. 1 at 6-8]. For the reasons explained below, each of Petitioner's ineffective assistance of counsel claims fails.

> **i. Petitioner's Claim That Counsel Did Not Properly Inform Her Of The Consequences Of Her Guilty Plea Fails Because It Is Contradicted By The Record.**

Petitioner asserts that she "was not presented with the opportunity to discuss [her] plea agreement" [Doc. 707 at 4; *see also* 3:23-CV-383, Doc. 1 at 4]. She contends that neither her initial counsel nor her sentencing counsel "inform[ed] [her] of the potential consequences" of her guilty plea "relative to sentencing" [Doc. 707 at 4; *see also* 3:23-CV-383, Doc. 1 at 4]. But Petitioner has set forth no facts to support her claim. In fact, the record contradicts Petitioner's assertions. At Petitioner's change of plea hearing, the Court placed Petitioner under oath and engaged in the following colloquy with her:

> **The Court**: Ms. Owens, has [your lawyer] explained the terms of the [amended] plea agreement to you?
> **The Defendant**: Yes, Your Honor. . . .
> **The Court**: Ms. Owens, as you stand here this morning in this courtroom, are you satisfied with your lawyer's advice and his representation of you?
> **The Defendant**: Yes, Your Honor. . . .
> **The Court**: Has [your lawyer] discussed the possible application of the [United States] sentencing guidelines to your case?
> **The Defendant**: Yes, You Honor.

[Doc. 714 at 5, 12].

"Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And "[a] criminal defendant is bound by the answers [s]he gives when 'the court has scrupulously followed the required procedure' for a properly conducted plea

5

colloquy." *United States v. Pitts*, 997 F.3d 688, 701 (6th Cir. 2021) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Under oath, Petitioner confirmed that her counsel explained the terms of the Amended Plea Agreement to her and explained the potential application of the United States Sentencing Guidelines to her case. The record does not support Petitioner's new contention that counsel failed to discuss her Amended Plea Agreement with her or that counsel failed to explain the sentencing consequences of a guilty plea. *See Mendenhall v. Parris*, No. 16-6003, 2017 WL 2819225, at *4 (6th Cir. Feb. 22, 2017) (rejecting ineffective assistance of counsel claim that was "not supported by the record"). Because Petitioner's claim is "contradicted by the record," Petitioner is not entitled to relief. *See Valentine*, 488 F.3d at 333 (quoting *Arredondo*, 178 F.3d at 782).

### ii. Petitioner's Claim That Her Counsel Was Constitutionally Ineffective In "Failing to Object To The Use Of Relevant Conduct" Fails.

Petitioner faults both her initial counsel and sentencing counsel for "failing to object to the use of [] relevant conduct" at sentencing [Doc. 707 at 5; *see also* 3:23-CV-383, Doc. 1 at 5].[2] Though not entirely clear, Petitioner appears to argue that her counsel failed to object based on Petitioner's "substantially reduced level of responsibility," her personal history and circumstances, and her factual disputes with certain ancillary paragraphs in the Presentence Report [*See* Doc. 707 at 5; *see also* 3:23-CV-383, Doc. 1 at 5]. However, the record belies this assertion too. In fact, Petitioner's sentencing counsel *did* object [*See* Docs. 570, *sealed; 610]. He argued

---

[2] In stating her first two (2) claims, Petitioner notes that her initial counsel and sentencing counsel "induced" and "continually and directly advised [her] to state that [she] was guilty and accept the assertions and allegations made by the prosecution." [Doc. 707 at 4-5; *see also* 3:23-CV-383, Doc. 1 at 4-5]. To the extent that Petitioner intended to claim that her initial counsel—or any officer or agent of the government—coerced her to plead guilty, "solemn declarations" Petitioner made at her change of plea hearing contradict that claim, and the Court dismisses the claim on that basis [*See* Doc. 714 at 9]. *See Valentine*, 488 F.3d at 333; *see also Blackledge*, 431 U.S. at 74; *Pitts*, 997 F.3d at 701 (quotation omitted).

6

that (1) Petitioner was entitled to a minor role adjustment under United States Sentencing Guidelines § 3B1.2 and (2) the Court should remove a portion of Paragraph 29 of the Presentence Report [*See* Docs. 570, at n.2, 4-7, *sealed; 610 at 2-5]. And the Court ultimately addressed those objections. As to Petitioner's claim that her first counsel was ineffective for failing to object, therefore, she fails to clear her "high burden in demonstrating that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.

Even assuming that her initial counsel's initial failure to file objections to the Presentence Report fell "below prevailing professional norms," *Bullard*, 937 F.3d at 661 (citation omitted), Petitioner fails to demonstrate that her initial counsel's conduct prejudiced her. The Court permitted Petitioner's sentencing counsel to file objections and allowed full briefing on those objections [*See* Docs. 570; 605; 610]. And as to Petitioner's sentencing counsel, she fails to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Petitioner faults her sentencing counsel for failing to object to the Presentence Report. But the record shows that Petitioner's sentencing counsel did object, and the Court addressed the objections. For that reason, Petitioner fails to satisfy *Strickland*'s deficiency prong as to her sentencing counsel. The Court therefore dismisses Petitioner's second ineffective assistance of counsel claim on these bases.

### iii. Petitioner's Ineffective Assistance of Counsel Claim Based On Her Assertion That Counsel Failed To Consult With Her About Her Appeal Rights Fails.

Last, Petitioner alleges that her sentencing counsel violated the Sixth Amendment by not "adequately consult[ing] with [her] about [her] right to appeal or [how to] file a notice of appeal" [*See* Doc. 707 at 6; *see also* 3:23-CV-383, Doc. 1 at 6]. But this claim fails because the

7

Court's colloquy with Petitioner at her sentencing hearing "relieve[d] counsel of any obligation to consult" with her about her right to appeal or filing a notice of appeal. *See McCormick v. United States*, 72 F.4th 130, 133-34 (6th Cir. 2023). The Supreme Court has "rejected [any] rigid, technical rule" for ineffective assistance of counsel claims involving appeal consultation "in favor of a standard that ensures the defendant understands his appeal rights." *Id.* at 134 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477-81 (2000)). In some contexts, that standard may require counsel to make "reasonable effort[s] to discover the defendant's wishes" regarding an appeal, "***but only if*** the defendant hasn't gotten all the necessary information from another source." *Id.* (emphasis added) (citation omitted). For example, "counsel need not consult his client about an appeal if the sentencing court's instructions were clear and informative." *Id.* (citation omitted). A sentencing court's colloquy "that ensure[s] that the defendant understood his [appeal] rights" generally obviates the requirement for counsel to further discuss appeal rights with a defendant. *See id.*

Here, the Court conducted a thorough and informative colloquy with Petitioner regarding her right to appeal and the procedure to timely file a notice of appeal. The Court specifically advised Petitioner of the following:

> Ms. Owens, you have the right to appeal your conviction and the right to appeal your sentence . . . . Any Notice of Appeal must be filed within 14 days of the entry of judgment or within 14 days of the filing of a Notice of Appeal by the United States. If requested, the Clerk of Court will prepare and file a Notice of Appeal on your behalf. If you cannot afford to pay the cost of an appeal or for appellate counsel, you have the right to apply for leave to appeal in forma pauperis, which means you can apply to have the Court waive the filing fee in your case. On appeal, you may also apply for court-appointed counsel.

[Doc. 715 at 33-34]. The Court's colloquy fully apprised Petitioner of how to effectively file a timely notice of appeal. Because the Court's colloquy provided "all the necessary information" and "ensured that [Petitioner] understood h[er] [appeal] rights," the Court "relieve[d] counsel of

8

Case 3:23-cv-00383-KAC   Document 3   Filed 09/20/24   Page 8 of 9   PageID #: 20

any obligation to consult" with her about her general right to appeal or filing a notice of appeal. *See McCormick*, 72 F.4th at 134 (citing *Flores-Ortega*, 528 U.S. at 478-80).

## IV. Conclusion

Because Petitioner is not entitled to relief under Section 2255, the Court **DENIES** her pro se "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" [Doc. 707; *see also* 3:23-CV-383, Doc. 1] and **DISMISSES** Petitioner's civil action, 3:23-CV-383. An appropriate judgment will enter.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, upon the entry of a final order adverse to a Petitioner, the Court must "issue or deny a certificate of appealability." The Court may issue a certificate of appealability only when Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires Petitioner to demonstrate that reasonable jurists would find that the Court's assessment of Petitioner's claim is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's analysis of Petitioner's claim. Accordingly, the Court **DENIES** a certificate of appealability. Further, any appeal of this Memorandum Opinion and Order would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24(a). Therefore, under Federal Rule of Appellate Procedure 24, should Petitioner file a notice of appeal, she is **DENIED** leave to appeal *in forma pauperis*.

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge

9

Case 3:23-cv-00383-KAC   Document 3   Filed 09/20/24   Page 9 of 9   PageID #: 21